| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

DARRYL GLENN DAVIS, §
TDCJ 1850628, §
　　　　　　　　　　　　　　§
　　　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　　CIVIL ACTION H-13-390
　　　　　　　　　　　　　　§
JEANNINE BARR, et al., §
　　　　　　　　　　　　　　§
　　　　　　　Defendants. §

# Opinion on Dismissal

Darryl Glenn Davis sues Harris County prosecutors for civil rights violations in his amended complaint. (10) He claims deprivations by the prosecutors including false imprisonment, entrapment, retaliation, blackmail, malicious prosecution, conspiracy, discrimination, and false identification. 42 U.S.C. § 1983. He seeks $ 900,000 in damages. The prosecutors move for summary judgment. (21)

1. *Claims*

On July 13, 2011, police arrested Davis for a crime he says he did not commit. He says the arrest was based on hearsay and false identification. Davis is held in the Harris County Jail. On April 3, 2012, jailors came to Davis's cell. Officer Santa Maria told Davis to stand in the hallway. Davis claims Santa Maria and four other officers assaulted him. He avers that after the jailors handcuffed and pulled him off the floor, Santa Maria hit his own nose to make it appear that he had suffered a wound.

Davis claims that when a ranking official appeared after the incident, Santa Maria told him that Davis was responsible for the melee. Davis says that as a result, prosecutors filed what he says are false charges against him for assault on a public servant in case number 1356503. Davis maintains this filing of false charges was based on discrimination. Davis says the prosecutor blackmailed him by stating that if he did not plead guilty to one pending case, he would keep trying the case until a jury found him guilty and gave him twenty-five years.

Davis contends the judge allowed the prosecutor to entrap him and immediately go to trial to get a quick conviction in case number 1356503. He also claims the judge allowed the jail officers

to commit perjury. Davis says one witness admitted that Santa Maria intentionally grabbed him and started the use of force. He maintains the officers did not try to avoid the use of force. Davis points out that one officer testified he feared for his life but later turned around and said he did not fear for his life. Another witness said that if an inmate is disobeying a direct order, the only thing an officer should do is contact a ranking officer and write a disciplinary case against the inmate. During jury deliberations, the judge sent the jury back into the jury room three times to deliberate. The case ended in a mistrial.

The prosecutors retried the criminal case on November 8, 2013. Before jury selection, the judge said she would agree to a two-year sentence under a plea bargain. The prosecutor said Davis could plead guilty in case number 1342692 in exchange for dropping another criminal prosecution in case number 1313854. (21, Exhs. 1, 2, 8). Davis says he accepted the offer and the prosecutor dismissed the indictment in number 1313854. *Id.* Davis says that even though he accepted the plea bargain, he still maintains he is innocent.

Davis filed a grievance and jailors sent it to Internal Affairs. Davis says they did not determine that the officers were in the wrong. Davis filed many motions, including motions for an evidentiary hearing, motions for a speedy trial, and motions for a writ of mandamus. Davis's court appointed attorneys did not file motions. He claims they did not do so because the only thing they want to do is exploit inmates for financial gain. Davis contends the trial judge was prejudiced against him and she retaliated against him. The judge has not responded to any of Davis's motions.

The criminal case against Davis, under case number 1342692, had often been re-set for trial. Davis says this was done as retaliation against him. Every time a trial date came up, he says the judge allowed the prosecutor to set it off for three to six months. Davis claims the judge did this to try to force Davis to plead guilty and accept a fifteen-year sentence. Davis eventually pled guilty in case number 1342692 to the charge of assault on a public servant arising out of the incident on April 8, 2012, involving Davis, Santa Maria, and other jailors. (21, Exh. 7)

Davis claims he has suffered unlawful imprisonment, entrapment, blackmail, exploitation, retaliation, prejudice, assault, conspiracy, malicious prosecution, false charges, and discrimination. In his amended complaint, he sues unnamed Harris County prosecutors. He maintains he would not have been subjected to all of this if the prosecutor had not intentionally held him captive despite knowing that Davis could not be charged with any crime.

3. *Summary Judgment Motion*

The prosecutors maintain the holding in *Heck v. Humphrey* bars Davis's claims. Claims challenging the validity of a conviction cannot proceed unless the conviction has been impugned or overturned. *Heck v. Humphrey*, 512 U.S. 477 (1994). Under Davis's allegations, he is confined under his conviction for assault on a public servant. This conviction is based on the incident on April 3, 2012, and Davis claims it arose from the actions of the Harris County prosecutors he sues.

A civil rights claim which indirectly challenges the validity of a conviction cannot proceed unless the conviction is overturned. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999), the Court of Appeals held that an arrestee's conviction for aggravated assault of a police officer barred his excessive force claim against the officer under *Heck*. The Court of Appeals found the plaintiff's claim at odds with the record and said: "[a]ccepting [plaintiff's] version of events, his claim is necessarily inconsistent with his criminal conviction." *Id.*, at 237. The same is true here. Davis's claims against the prosecutors concern the incident on April 3, 2012, in the jail involving Davis and jailors and the prosecution and conviction that followed. Davis's claims that jailors assaulted him imply the invalidity of the conviction against him for assault in case 1342692. Davis does not state a claim for relief under the holding in *Heck*.

The defendants also raise prosecutorial immunity. Prosecutors are almost always immune from damages. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Davis also does not state a claim for relief under prosecutorial immunity.

4. *Conclusion*

Davis fails to raise facts material to his claims under the holding in *Heck*. He also fails to raise facts material to immunity. The defendants' motion for summary judgment (21) is granted.

Signed March 6, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge